# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | } |
| | } |
| NICHOLAS HOMES, LLC | } CASE NO. 11-81869-JAC-11 |
| EIN:  XX-XX-1522 | } |
| | } CHAPTER 11 |
| Debtor(s). | } |
| | } |
| NICHOLAS HOMES, LLC | } AP NO. 11-80063-JAC-11 |
| | } |
| Plaintiff(s), | } |
| v. | } |
| | } |
| KEITH COUCH | } |
| | } |
| Defendant(s). | } |

**MEMORANDUM OPINION**

On March 5, 2012, this matter came before the Court on the debtor's motion for summary judgment on its complaint to avoid a judgment lien obtained by the defendant, Keith Couch ("Couch"), pursuant to 11 U.S.C. § 547 as a preferential transfer. In conformity with the findings of fact and conclusions of law dictated into the record in open court and as set forth below, the Court finds that judgment is due to be entered in favor of Couch based on debtor's failure to prove that the transfer enabled Couch to receive more than he would have otherwise received in a hypothetical Chapter 7 liquidation.

**Procedural History**

On May 24, 2011, the debtor filed for bankruptcy relief under Chapter 11 of the Bankruptcy Code. On June 24, 2011, the debtor filed a complaint under § 547 to avoid a judgment lien in the amount of $41,125.00 that Couch recorded on May 17, 2011 in the Offices of the Limestone and

Case 11-80063-JAC    Doc 49    Filed 03/07/12    Entered 03/09/12 09:15:47    Desc Main
Document      Page 1 of 7

Madison Counties Judge of Probate. The debtor filed a two page complaint asserting conclusory statements that the transfer enabled Couch to recover more than he would have received as a creditor if the case were a case under Chapter 7 had the transfer not been made and Couch had received payment of his claim in bankruptcy.

On July 13, 2011, Couch filed a motion to dismiss citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) in which the Supreme Court held that Fed. R. Civ. P. 8(a)(2) requires a movant to plead "enough facts to state a claim to relief that is plausible on its face." A movant's obligation to provide the grounds of his entitlement to relief is not satisfied by pleading mere "labels and conclusions." "[A] formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Although the Court never ruled on the motion to dismiss, the Court now believes that it would have been appropriate to grant the motion had same been actively argued. However, the parties having proceeded to summary judgment, the Court will instead decide the matter on summary judgment.

On September 6, 2011, the Court entered a pre-trial order requiring the debtor to file a motion for summary judgment with supporting affidavits and requiring the parties to appear for oral argument on October 24, 2011 with the trial to be held on November 7, 2011 if necessary. The order provided that the parties were to complete discovery no later than September 27, 2011. On October 18, 2011, the parties agreed to continued the motion for summary judgment hearing to October 31, 2011.

On October 31, 2011, the parties appeared before the Court for oral argument on summary judgment but were unprepared to go forward. The Court reset the trial for January 31, 2012 and rescheduled the motion for summary judgment hearing for January 17, 2012 to allow for discovery

2

to be completed and for the parties to supplement their pleadings by filing sworn, documentary evidence supporting their positions.

On January 17, 2012, counsel for Couch failed to appear at the motion for summary judgment hearing. The Court entered an order vacating the trial and resetting the motion for summary judgment to be heard on March 5, 2012. The order provided that it appeared based on the Court's previous hearings in this matter that the only question of fact remaining was whether the debtor was insolvent or made insolvent on the date of the transfer.[1] The order provided that on or before February 29, 2012, the parties were to file sworn documentary evidence on the insolvency issue and that the parties were to complete discovery no later than February 27, 2012.

On February 29, 2012, Couch filed a motion to stay the summary judgment hearing on the grounds that the debtor failed to respond to his request for production of documents dated September 22, 2011.

**Conclusions of Law**

"Summary judgment is appropriate 'if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'"[2] "[S]ummary judgment is proper 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

---

[1] Although the Court indicated in the order dated January 17, 2012 that the only question of fact remaining appeared to be whether the debtor was insolvent or made insolvent by the subject transfer, the order did not constitute a finding that the debtor had proven the remaining elements required under § 547 to avoid a preferential transfer.

[2] *Maxfield v. Jennings (In re Jennings),* 2012 WL 555875 *3 (11th Cir. 2012).

trial.'"[3] In this case, the Court finds as set forth more below that the debtor failed to establish an element under § 547(b) essential to the debtor's case on which the debtor bears the burden of proof.

Section 547(b) of the Bankruptcy Code provides:

Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property -

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made -

    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if -

    (A) the case were a case under chapter 7 of this title; and

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The debtor bears the burden of proving each of the elements listed in § 547(b).[4] After carefully reviewing the pleadings submitted by the parties, the Court finds that the debtor has satisfied the elements enumerated in § 547(b)(1) - (4), but the debtor failed to satisfy the final element under § 547(b)(5).

The debtor has proven that the judgment recorded on May 17, 2011 constituted a transfer of the debtor's interest in property for the benefit of a creditor; the transfer was for an antecedent debt,

---

[3]     *See Shuler v. Ingram & Assocs.,* 441 Fed. Appx. 712, 715 (11th Cir. 2011).

[4]     *Bank of America v. Mukamai (In re Egidi)*, 571 F.3d 1156, 1160 (11th Cir. 2009).

4

i.e. the judgment obtained on March 25, 2011; and the transfer was made within 90 days of the petition date, May 24, 2011. § 547(b)(1), (2) and (4)(A).

The debtor further established that the transfer was made while the debtor was insolvent. Under § 547(f), debtors are "presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." The date of the transfer is the date Couch recorded the judgment on May 17, 2011, only 7 days before the debtor filed for bankruptcy on May 24, 2011. The debtor submitted additional evidence to establish insolvency. *See* Affidavit of Nicholas Johnson in Support of Plaintiff's Motion for Summary Judgment. Although the presumption of insolvency may be rebutted, Couch failed to take sufficient steps to gather evidence to conclusively establish that the debtor was not insolvent during the applicable 90 day period.

On February 29, 2012, five days before the third hearing set on plaintiff's motion for summary judgment, Couch filed a motion to stay debtor's motion for summary judgment on the grounds that the debtor failed to completely respond to defendant's request for production of documents dated September 22, 2011. Couch argues that the debtor has failed to produce financial records for the last sixty days immediately proceeding the filing of its bankruptcy. The Court finds that the motion to stay is due to be denied based on defendant's dilatory conduct in seeking to compel discovery. On October 31, 2011, the Court held the first summary judgment hearing in this case. The parties were unprepared to go forward at that hearing and the Court rescheduled same for January 17, 2012 to allow the parties to complete discovery. Counsel for Couch failed to appear at the January 17, 2012 hearing, but the Court once again rescheduled same for March 5, 2012 to allow the parties additional time to complete discovery. Couch first served his request for production of documents on September 22, 2011 and since that time has never filed a motion in this Court seeking

5

to compel discovery as permitted by Bankruptcy Rule 7037. The Court has set this matter for hearing three times for the parties to complete discovery and document their cases. The Court will not stay same for Couch to belatedly seek an order compelling discovery when the defendant has already received ample opportunity to proceed with discovery.

Couch further argues that based upon the incomplete bank records produced by debtor for February and March of 2011, that the debtor wrote checks to and paid bills for over $49,020.94 in unjustified, non-business expenses primarily to family members, suggesting any alleged insolvency was voluntarily caused by debtor in an effort to avoid collection efforts by the defendant. While these allegations may raise a question whether the debtor, as a debtor-in-possession in this Chapter 11 case, is obligated to file preference actions in this case for the benefit of the estate, the Court finds that Couch has failed to present competent summary judgment evidence to rebut the debtor's presumption of insolvency for purposes of § 547(b)(3). Section 101(32) of the Bankruptcy Code defines the term "insolvent" to mean a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of – (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors . . . " Although Couch has shown that the debtor made certain questionable transfers during the months of February and March of 2011 during the 90 day preference period totaling $49,000, Couch failed to provide the Court with any analysis to demonstrate that debtor was otherwise solvent absent the transfers. Accordingly, Couch failed to rebut the presumption of insolvency under § 547(f).

To satisfy the final element under § 547(b)(5), the debtor must show that the judgment lien enabled Couch to improve his "position vis-á-vis other creditors."[5] "Section 547(b) is directed at

---

[5] *In re Globe Manufacturing Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009).

6

transfers which enable creditors to receive more than they would have received had the estate been liquidated and the disputed transfer not been made."[6]  In the present case, the Court finds that the debtor failed to introduce sufficient evidence that Couch received more due to the transfer than he would have received if the case were a case under Chapter 7.  The debtor failed to provide the Court with any analysis to demonstrate that the transfer gave Couch more than he would have otherwise received in a hypothetical Chapter 7 case.   The debtor argues that the certificate of judgment elevated Couch to the status of a secured creditor which will require the debtor to pay Couch more than Couch would otherwise receive as an unsecured creditor.  However, the debtor has failed to provide any analysis of what Couch would have received as an unsecured creditor and the case liquidated in a Chapter 7 as compared to what Couch will receive if the judgment lien is allowed to stand.  Accordingly, the Court finds that judgment is due to be entered in favor of Couch based on debtor's failure to produce sufficient evidence to satisfy § 547(b)(5).

Done and Ordered this day March 7, 2012

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

xc:   Debtor(s)
        Kevin Heard, attorney for plaintiff(s)
        Thomas McGrath, attorney for defendant(s)
        Richard Blythe, bankruptcy administrator

---

[6]   *Id. (quoting Barash v. Pub. Fin. Corp.*, 658 F.2d 504, 509 (7th Cir. 1981)).